UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE MICROSOFT CORP.<br>ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>*Kloth v. Microsoft Corp.*,<br>No. 1:00-1265 | MDL DOCKET NO. 1332<br>Hon. J. Frederick Motz |

**MICROSOFT'S RESPONSE TO PLAINTIFFS' MOTION FOR
<u>EXTENSION OF TIME TO RESPOND TO DISPOSITIVE MOTIONS</u>**

*Of Counsel:*

Charles B. Casper
MONTGOMERY, McCRACKEN,
 WALKER & RHOADS, LLP
123 South Broad Street
Philadelphia, Pennsylvania 19109
(215) 772-1500

Richard J. Wallis
Steve J. Aeschbacher
MICROSOFT CORPORATION
One Microsoft Way
Redmond, Washington 98052
(425) 936-8080

Michael F. Brockmeyer
(Fed. Bar No. 02307)
PIPER RUDNICK LLP
6225 Smith Avenue
Baltimore, Maryland 21209-3600
(410) 580-3000

David B. Tulchin
Richard C. Pepperman, II
Sharon L. Nelles
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

*Attorneys for Microsoft Corporation*

June 18, 2004

-i-

## TABLE OF CONTENTS

Background ................................................................................................................................. 2

Conclusion ................................................................................................................................... 5

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

IN RE MICROSOFT CORP.
ANTITRUST LITIGATION

:
:
:
:   MDL DOCKET NO. 1332
:   Hon. J. Frederick Motz
:

This Document Relates To:

Kloth v. Microsoft Corp.,
No. 1:00-1265

## MICROSOFT'S RESPONSE TO PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO RESPOND TO DISPOSITIVE MOTIONS

Plaintiffs[1] in this action seek an extension of time in which to respond to Microsoft's two motions to dismiss[2] that were filed with the Court on June 4, 2003. Counsel for plaintiffs is aware that Microsoft has no objection to the requested 30-day extension provided that plaintiffs agree that they will not use the "extra" time to remedy their failure to prosecute certain actions. Thus, with respect to a number of long-dormant cases, Microsoft asked that the extension be used to respond to the motions, not to serve

---

[1] Plaintiffs' motion was brought by the Co-Chairs of the Plaintiffs' Lead Counsel Committee, Stanley Chesley and Michael Hausfeld, who have been designated by this Court to "lead the efforts on behalf of all plaintiffs." MDL Pretrial Order No. 1 at 4 (attached as Exhibit A).

[2] The two motions filed with the Court on June 4, 2004 are: (1) Microsoft's Motion to Dismiss or For Summary Judgment on Certain Complaints Asserting State Law Claims; and (2) Microsoft's Motion to Dismiss Complaints Superceded by the Consolidated Class Action Complaint.

discovery or initiate other activity. Plaintiffs should not be permitted to use any extension of time to attempt to cure a defect that would otherwise justify dismissal.

### Background

Contrary to plaintiffs' assertions, Microsoft made a good faith attempt to negotiate with plaintiffs to dismiss cases covered by the Court's prior opinions before filing its motions to dismiss. On April 30, 2004, Microsoft sent to plaintiffs a list of more than two dozen cases remaining on the Court's docket sheet that Microsoft believed should be dismissed. (Letter from Joseph Neuhaus to Robert Heuck, dated April 30, 2004) (attached as Exhibit B). Plaintiffs agreed in a letter dated May 3, 2004 that at least ten of the cases on Microsoft's list should be dismissed. (Letter from Robert Heuck to Joseph Neuhaus, dated May 3, 2003) (attached as Exhibit C).

Despite this, by June 2, 2004 -- almost a month after plaintiffs' lawyers agreed that ten of the cases should be dismissed -- counsel for plaintiffs had forwarded to Microsoft only three signed stipulations of dismissal. (*See* e-mail from Robert Heuck to David Tulchin, dated June 2, 2004; Letter from Robert Heuck to David Tulchin, dated May 24, 2004) (attached as Exhibit D). Robert Heuck, one of plaintiffs' lawyers, failed to come forward with any further proposed stipulation, instead claiming that Microsoft's lawyers are required to contact every one of the many dozens of lawyers who are counsel of record in the cases that became subject to the two recent motions.

As Co-Chairs of the Plaintiffs' Lead Counsel Committee, Stan Chesley and Michael Hausfeld were charged by this Court with the responsibility of "facilitat[ing] the orderly and efficient . . . prosecution and litigation of plaintiffs' claims in the

Consolidated Action."[3] Exhibit A at 5. Neither Mr. Chesley nor Mr. Hausfeld made a serious effort to coordinate plaintiffs' responses to Microsoft's request for agreements as to voluntary dismissals.

On June 4, 2004, Microsoft filed with the Court two motions to dismiss and served them on Messrs. Chesley and Hausfeld. Plaintiffs' suggestion that this method of service was improper is wrong. Pretrial Order No. 1 says that "service of pleadings and other documents by defendants need be made only upon" Mr. Chesley and Mr. Hausfeld. Exhibit A at 11. Moreover, plaintiffs' assertion that the papers were not filed electronically is false. *See* Notice of Electronic Filing, June 4, 2004 (attached as Exhibit F). The papers were in fact filed electronically, as Robert Heuck, Mr. Chesley's partner, has fully acknowledged. Amazingly, plaintiffs' lawyers have allowed this knowingly false accusation to remain on the public record.

On June 8, 2004, plaintiffs requested a 30-day extension of the time in which they are required to respond to Microsoft's motions to dismiss. Microsoft agreed to the extension of time on the condition that plaintiffs stipulate (1) that they had requested the extension; (2) that no plaintiff will seek or request any further adjournment of time to respond to Microsoft's motions; and (3) that Microsoft's time to serve its reply brief be extended to September 2, 2004. Microsoft further conditioned its consent to an extension of time on plaintiffs' agreement to seek no discovery and initiate no activity in

---

[3] "Consolidated Action" was defined in the Pretrial Order No. 1 as the various actions that had been or later were transferred to the United States District Court for the District of Maryland under the federal multi-district litigation procedures. *See, e.g., In re Microsoft Corp. Windows Operating Systems Antitrust Litig.*, No. 1332 (D. Md. Apr. 25, 2000) (transferring 27 cases to the MDL proceeding) (attached as Exhibit E).

the actions at issue from the time of the agreement until Microsoft files its reply papers. (E-mail from David Tulchin to Robert Heuck, dated June 9, 2004) (attached as Exhibit G). Plaintiffs' counsel informed Microsoft that while they could agree to the first three conditions, they could not agree to the fourth request. (Letter from Christopher Lovell to David Tulchin, dated June 11, 2004) (attached as Exhibit H). Mr. Heuck verbally stated the same thing.

Microsoft's request that plaintiffs not seek discovery or initiate activity in the cases at issue until all the briefs are filed is reasonable given the nature of the motions filed and the purpose for which the extension is sought. In its papers, Microsoft seeks dismissal of many of the individual cases still pending in the MDL on the basis of plaintiffs' failure to prosecute those cases. Microsoft thus merely seeks to insure that plaintiffs' lawyers use the time requested to respond to Microsoft's motion to dismiss and not use it to prepare papers that would make it appear for the first time in years that these lawyers were prosecuting their cases.

## Conclusion

Microsoft does not object to a 30-day extension of the time in which plaintiffs must respond to Microsoft's motions to dismiss, but requests that the Court direct plaintiffs not to use the "extra" time to seek to awaken their long-dormant actions.

Dated: June 18, 2004

Respectfully submitted,

*Of Counsel:*

By: _____
Michael F. Brockmeyer
(Fed. Bar No. 02307)
PIPER RUDNICK LLP
6225 Smith Avenue
Baltimore, Maryland 21209-3600
(410) 580-3000

Charles B. Casper
MONTGOMERY, McCRACKEN,
  WALKER & RHOADS, LLP
123 South Broad Street
Philadelphia, Pennsylvania 19109
(215) 772-1500

Richard J. Wallis
Steve J. Aeschbacher
MICROSOFT CORPORATION
One Microsoft Way
Redmond, Washington 98052
(425) 936-8080

David B. Tulchin
Richard C. Pepperman, II
Sharon L. Nelles
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

*Attorneys for Microsoft Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2004 I caused a copy of the foregoing Microsoft's Response to Plaintiffs' Motion for Extension of Time to be sent by overnight delivery service to:

Michael D. Hausfeld
COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, DC 20005

Elwood S. Simon, Esq.
Elwood S. Simon & Associates, P.C.
355 S. Old Woodward Avenue
Suite 250
Birmingham, MI 48009

Stanley M. Chesley
WAITE, SCHNEIDER, BAYLESS & CHESLEY, L.P.A.
1513 Fourth & Vine Tower
One West Fourth Street
Cincinnati, Ohio 45202

_____
Michael F. Brockmeyer