# EXHIBIT C

# WAITE, SCHNEIDER, BAYLESS & CHESLEY CO., L.P.A.

ATTORNEYS & COUNSELLORS AT LAW
1513 FOURTH & VINE TOWER
ONE WEST FOURTH STREET
CINCINNATI, OHIO 45202
TELEPHONE (513) 621-0267

ROBERT HECK II

FAX (513) 381-2375
FAX (513) 621-0262

May 3, 2004

*Via Facsimile:* (212) 558-3588

Joseph E. Neuhaus, Esq.
Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004

Re: <u>Microsoft Antitrust Litigation, MDL No. 1332</u>

Dear Joe:

Responding to your letter of Friday afternoon, we agree that it appears that the *Conrad, Deiter, DeJulius, eLeaders, Henning, O'Sullivan,* et al., *Precision Billing, Silverware, To The Rescue* and *Tyler* cases should be dismissed under Judge Motz's prior rulings.

We understand your position that the following West Virginia cases should be dismissed as a result of a settlement in that state: *Colebank, Gianni, Haynes, Penix* and *Phillips*. However, as I mentioned when we spoke on Thursday, we have no information concerning a final judgment being entered in the West Virginia class action, and also do not know the scope of the claims that were settled there. We, therefore, cannot join your suggestion to Judge Motz that the West Virginia cases before him be dismissed.

Although the *Cox,* federal *Kloth, Pacific Coast Systems, Quigley, Shevekov, Shirazi* and *Tinkham* complaints contained federal antitrust claims that are subject to Judge Motz's ruling regarding indirect purchaser claims, the cases also included common law restitution, unjust enrichment and/or injunctive claims that are not covered, to our knowledge, by any prior ruling of the Court. Therefore, these cases are not, in our view, subject to dismissal.

The *Glase* and state *Kloth* cases contain Ohio statutory and common law claims that are not subject to dismissal. In fact, Judge Motz previously denied Microsoft's motion to dismiss the Ohio claims in his opinion of January 12, 2001.

The *GTI Systems Integrators* case is brought by an OEM, and the claims asserted therein are not subject to dismissal under any prior opinion of the Court. We do not have copies of the *Hagan* and *Luce* complaints, and therefore are unable to address whether those cases have viable claims. If you would fax me the complaints in these cases, we will review them and let you know whether we can agree that they appear to be subject to dismissal.

Joseph E. Neuhaus, Esq.
May 3, 2004
Page 2

      Given the amount of time it has taken to review the more than 100 cases transferred to MDL No. 1332 to determine which cases are still pending, and which of those may be subject to dismissal under the Court's prior orders and opinions, I suggest that we jointly call Judge Motz's chambers tomorrow to advise him of the status of our efforts and to suggest that a conference call be set in two or three weeks to give any counsel ample notice of possible dismissal of their cases and an opportunity to be heard. Meanwhile, any remaining disagreements concerning which cases may be subject to dismissal under the Court's prior rulings could be discussed during the Thursday afternoon conference call with the Court. Please let me know you if you agree with this approach.

                                          Very truly yours,

                                          Robert Heuck II

RH/ts

cc:    Stanley M. Chesley, Esq.
       Michael D. Hausfeld, Esq.
       Daniel A. Small, Esq.